# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**LINDA CHASE,**

    **Plaintiff,**

**vs.**                                                                                               **Case No. 5:22cv179-AW-MAF**

**REBECCA FISHER,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on September 9, 2022. ECF Nos. 1-3.  Plaintiff was denied leave to proceed in forma pauperis, ECF Nos. 7, 9, and she paid the filing fee on October 10, 2022.  ECF No. 10.  Plaintiff was informed of the requirements for service of process, ECF No. 12, and it appears Defendant was served with a summons and complaint in late October 2022.  ECF No. 16; *see also* ECF No. 20.  It is not clear that service was properly carried out, however, because it appears that Plaintiff sent the service documents.  *Id.*  Rule 4 specifies that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2).  At any rate, Defendant

has filed a motion to dismiss, ECF No. 21, and does not challenge service of process. Instead, Defendant raises four other arguments for dismissal. First, Defendant contends the Court lacks subject matter jurisdiction because a contract signed by Plaintiff and Defendant "includes a legally binding arbitration clause." ECF No. 21 at 2. Second, Defendant contends this Court lacks personal jurisdiction over the Defendant. *Id.* at 2-3. Third, Defendant states that venue is improper based on the language of the contract. *Id.* at 3. Finally, Defendant asserts that Plaintiff's complaint fails to state a claim. *Id.* An Order was entered by United States Magistrate Judge Zachary C. Bolitho on November 22, 2022, directing Plaintiff to file a response to the motion. ECF No. 24. Plaintiff was informed that the motion may be granted by default if she does not file a memorandum in opposition to Defendant's motion. *Id.*

In late November, Plaintiff filed a document entitled "109(g) Motion Summary Judgment ." ECF No. 25. In December, Plaintiff filed the same motion again. ECF No. 26. The Court assumes that Plaintiff's reference to 109(g) is to 29 C.F.R. 1614.109(g) which permits the filing of summary judgment statement in an administrative proceeding. However, this is a court of law and not an administrative forum. Moreover, to properly file a

motion for summary judgment in federal court, the motion must comply with Federal Rule of Civil Procedure 56.  Although Plaintiff submitted six exhibits with the motions, they do not comply with Rule 56 which governs motions for summary judgment.  ECF Nos. 25-26.  Plaintiff does not identify any claim on which summary judgment is sought, nor does Plaintiff demonstrate there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Furthermore, although Plaintiff provided supporting exhibits, she did not cite "to particular parts of materials in the record" to support her motion.  Fed. R. Civ. P. 56(c)(1)(A).  The motions are insufficient as a matter of law, do not demonstrate entitlement to summary judgment, and they should be summarily denied.

On February 1, 2023, Judge Bolitho entered an order of disqualification.  ECF No. 27.  The case was reassigned to the undersigned and the motion to dismiss is ready for a ruling.

Defendant's motion to dismiss is unopposed.  Plaintiff was given until December 22, 2022, to respond, *see* ECF No. 24, but she failed to do so.  As noted above, Plaintiff's motions, ECF Nos. 25-26, are not responsive to the Defendant's motion to dismiss.

An additional point must also be made. Although Plaintiff has not responded to Defendant's motion and the motion could be granted by default, it is also true that Defendant's motion does not comply with the Rules of this Court. Rule 7.1(A) states that a "party who files a written motion must file a supporting memorandum in the same document with, or at the same time, as the motion." N.D. Fla. Loc. R. 7.1(E). Defendant's motion is not supported by a memorandum of law and includes only one incomplete legal citation. ECF No. 21 at 2.

**Plaintiff's Allegations**

Plaintiff sues Defendant Rebecca Fisher, an attorney from Texas, ECF No. 1 at 1, 3, who Plaintiff identified as her "EEOC Attorney." *Id.* at 4. Plaintiff contends the Defendant agreed to represent her in April 2019. *Id.* at 5. It appears that a decision was made in her case on June 2, 2021, but the Defendant did not alert Plaintiff. *Id.* Plaintiff reached out to the Defendant several times but contends Fisher never responded. *Id.* She claims that Defendant Fisher was negligent and "violated the Rehabilitation Act 1973 and Federal Employees Compensation Act )FECA)." ECF No. 1 at 5. Plaintiff further contends the Defendant violated the Americans with

Disabilities Act of 1990. *Id.* at 6. Plaintiff seeks twelve million dollars for the "gross negligence" of the Defendant. *Id.* at 7.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); *see also* Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir.

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

2019). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc.

Page 7 of 14

v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**Analysis**

Defendant first argues that this action is barred by a contract between the parties which included an arbitration clause. ECF No. 21 at 1, 2. Defendant Fisher states that both Plaintiff and she signed the contract, the contract "binds both parties to arbitration," and the contract also included "a forum selection clause." *Id.* at 1.

Attached to the motion to dismiss is a copy of the "Attorney Employment Contract" which was signed by Plaintiff and the Defendant.[2] ECF No. 21 at 12. Paragraph 12 of the Contract is a "Mandatory Arbitration" clause. *Id.* The clause provides:

---

[2] In ruling on a motion to dismiss, the Court may consider an extrinsic document if "it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); *see also* Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1340 (11th Cir. 2005) ("a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."). Here, Plaintiff's complaint alleged that Defendant Fisher "agreed to represent" her in April 2019. ECF No. 1 at 5. Defendant provided the representation agreement - the Attorney Employment Contract - with the motion to dismiss. ECF No. 21 at 8. Plaintiff has not disputed the authenticity of the agreement and the motion to dismiss was served on Plaintiff via "certified mail." ECF No. 21 at 5. The document is central to Plaintiff's claims because it establishes the relationship between Plaintiff and the Defendant.

> a. Notice: Should any dispute arise between the Client and the Firm regarding fees and costs, the Client must contact the Firm in writing by certified mail within ninety (90) days of the date such dispute arose, and that the Client is invoking arbitration for resolution of the dispute. Regarding a fee dispute, it is mandatory for the parties to proceed to arbitration. Likewise, if the Firm has a dispute the Firm must contact the Client by certified mail.

ECF No. 21 at 12. Having reviewed that clause, the Court rejects Defendant's argument that arbitration is required or should be enforced. This case does not concern a dispute over fees and costs.

Defendant's next argument is that dismissal is required for lack of personal jurisdiction pursuant to Rule 12(b)(2). ECF No. 21 at 2-3. "Defendant has no files, offices, employees, advertisements, or properties in the forum state." *Id.* Defendant argues that the complaint fails to show Defendant has "any link to the forum state." *Id.* at 3.

The complaint alleged that Plaintiff resides in Panama City Beach, Florida. ECF No. 1 at 2. Defendant was alleged to be employed at the "Rebecca Fisher Law" firm in San Antonio, Texas. *Id.* at 3. Plaintiff presented no other factual allegations beyond those two statements concerning personal jurisdiction.

Page 9 of 14

Although Defendant provides no legal support for her defense of lack of personal jurisdiction, the Court has reviewed this claim. "The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). At the outset, the Court finds it clear that Defendant is not a resident of Florida.

First, the Court must consider the jurisdictional question under the State of Florida's long-arm statute. Madara, 916 F.2d at 1514 (citations omitted). "If there is a basis for the assertion of personal jurisdiction under the state statute, [the Court] next determine[s] whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoted in Madara, 916 F.2d at 1514). Put simply, "the test is whether the defendant's conduct in connection with the forum state is 'such that he should reasonably anticipate being haled into court there.'" World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d

490 (1980) (quoted in Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 500 (Fla. 1989)).

In this case, Plaintiff's complaint lacks any facts which demonstrate jurisdiction over the Defendant. Plaintiff did not allege that Defendant breached their contract, nor did Plaintiff state that Defendant was required to take any actions in the State of Florida. Although Florida's long-arm statute would permit maintenance of a case if one "[b]reaches a contract in this state by failing to perform acts required by the contract to be performed in this state," see FLA. STAT. § 48.193(1)(a)7, Plaintiff's complaint does not allege facts which demonstrate that Defendant was to perform any acts in the State of Florida. Indeed, the Attorney Employment Contract includes a "Place of Performance" provision which states: "Both parties agree that all acts associated with representation are within Bexur County, Texas and venue shall be Bexar County, Texas." ECF No. 21 at 12. The provision makes clear that Defendant was not hired to perform any actions in the State of Florida.

Another possibility under the long-arm statute is if the Defendant caused "injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of

the injury, either: (a) The defendant was engaged in solicitation or service activities within this state; or (b) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." Fla. Stat. § 48.193(1)(a)6.  Again, there are no allegations in the complaint which demonstrate that Defendant solicited her services within this State or other produced materials consumed in this State.

Because Plaintiff has not responded to the motion to dismiss, she has not demonstrated that this Court has personal jurisdiction over the Defendant.  The Court concludes that, on this record, Defendant has insufficient minimum contacts in the State of Florida such that she had "fair warning" that she could be sued in this state.  *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985); Madara, 916 F.2d at 1516.  The motion to dismiss should be granted as to this argument - personal jurisdiction over the Defendant is lacking.

Although this Report and Recommendation could rest on the conclusion that the Court lacks personal jurisdiction over the Defendant, the Court has addressed Defendant's remaining arguments.  One of those

arguments provides another basis to dismiss this case, while the other argument does not.

Defendant also argues that the complaint should be dismissed for improper venue. ECF No. 21 at 3. Defendant states that there is a "forum selection clause in the legally binding contract" which, according to Defendant, the parties agreed that "venue is only proper in Bexar County, Texas." *Id.* It appears that the forum selection portion of the Contract pertains only to the arbitration clause. *Id.* at 12. Thus, that argument should be rejected.

Defendant's final argument is that Plaintiff's complaint fails to state a claim for which relief may be granted. ECF No. 21 at 3-4. As noted above, Plaintiff brought three claims against the Defendant. The first was for a violation of the Rehabilitation Act. "To establish a prima facie case of discrimination under the [Rehabilitation] Act, an individual must show that (1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." Sutton v. Lader, 185 F.3d 1203, 1207-08 (11th Cir. 1999) (quoted in Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005)). Defendant is not Plaintiff's employer and, moreover, Plaintiff's complaint provides no

allegations which show that she suffered discrimination. The motion to dismiss the Rehabilitation Act should be granted.

For the same reason, Plaintiff's A.D.A. claim should also be dismissed. To establish a prima facie case of ADA discrimination, Plaintiff must show that she: (1) had a disability; (2) was otherwise qualified to perform the job; and (3) was discriminated against based on her disability. Collado v. United Parcel Serv., Co., 419 F.3d 1143, 1149 (11th Cir. 2005). Here, Defendant is not Plaintiff's employer; Plaintiff has not adequately explained her alleged disability and, moreover, Plaintiff has not alleged facts which show that she suffered discrimination because of her disability.

Plaintiff's third claim against the Defendant is for a violation of the Federal Employee's Compensation Act [FECA]. "FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries." Noble v. United States, 216 F.3d 1229, 1234 (11th Cir. 2000). Plaintiff has not alleged that she was injured during the course of her federal employment. Furthermore, Defendant was not Plaintiff's employer. Plaintiff's FECA claim is conclusory only and insufficient. The motion to dismiss that claim should also be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 21, be **GRANTED** and Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and because the Court lacks personal jurisdiction over the Defendant.

**IN CHAMBERS** at Tallahassee, Florida, on March 7, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 5:22cv179-AW-MAF