IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LINDA CHASE,**

    **Plaintiff,**

v.                                            Case No. 5:22-cv-179-AW-MAF

**REBECCA FISHER,**

    **Defendant.**

_____/

## ORDER OF DISMISSAL

Attorney Rebecca Fisher represented Linda Chase in an employment dispute. Unsatisfied with Fisher's representation, Chase sued Fisher under the Rehabilitation Act, ADA, and Federal Employee Compensation Act. ECF No. 1. The complaint alleges Fisher has a Texas mailing address. *Id.* at 3.

Fisher moved to dismiss arguing (1) the court lacks subject matter jurisdiction because Chase agreed to arbitrate disputes about the representation, (2) the court lacks personal jurisdiction, (3) this is an improper venue, and (4) Chase has not stated a claim. The magistrate judge issued a report and recommendation disagreeing with Fisher on (1) and (3) but recommending dismissal on (2) and (4).

Chase did not respond to the motion to dismiss or object to the report and recommendation. Still, I have independently considered the complaint, motion, and report and recommendation. I note at the outset that arbitration clauses do not divest

1

federal courts of subject-matter jurisdiction. *Tracfone Wireless, Inc. v. Blue Ocean's Distrib., LLC*, 616 F. Supp. 2d 1284, 1285 (S.D. Fla. 2009).

Turning to Fisher's personal jurisdiction argument, I agree with the magistrate judge that Chase has not satisfied her burden of alleging personal jurisdiction under Florida's long-arm statute, Fla. Stat. § 48.193. *Cf. Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734-36 (11th Cir. 2018); *Hirsch v. Weitz*, 16 So. 3d 148, 150-52 (Fla. 4th DCA 2009). I separately add that exercising personal jurisdiction over Fisher would violate due process for largely the same reasons. The complaint alleges no facts suggesting that Fisher actively sought out Florida clients such as Chase, intentionally caused her harm here, or otherwise purposefully availed herself of benefits or protections of Florida law. The mere facts that Fisher contracted to represent a Florida resident and responded to that client's texts, ECF No. 1 at 4-6, are not enough. Because Chase failed to allege personal jurisdiction, I do not address venue or whether she stated a claim.

Moreover, even if Chase alleged facts to make out a prima facie showing of personal jurisdiction, Fisher submitted uncontroverted evidence that she works in Texas and expected to perform her obligations to Chase in Texas. *See* ECF No. 21 at 6, 8, 12. I accept those facts as true and find that this court lacks personal jurisdiction over Fisher. *See Abramson v. Walt Disney Co.*, 132 F. App'x 273, 276-77 (11th Cir. 2005) (reasoning that no evidentiary hearing was necessary on motion

to dismiss for lack of personal jurisdiction where plaintiff failed to dispute defendant's evidence).

The motion to dismiss (ECF No. 21) is GRANTED as to personal jurisdiction, and the complaint (ECF No. 1) is DISMISSED. The report and recommendation (ECF No. 28) is adopted and incorporated into this order to the extent it recommends dismissal for lack of personal jurisdiction.

The clerk will enter a judgment that says, "This case is dismissed without prejudice for lack of personal jurisdiction." The clerk will then close the file.[1]

SO ORDERED on May 17, 2023.

s/ *Allen Winsor*
United States District Judge

---

[1] Linda Chase has filed many recent cases in this court. She has sued many defendants, including many of this court's judges. I am a defendant in at least one case. In *Chase v. Muñiz*, Case No. 5:23-cv-23, I was listed as a defendant and assigned the case. Pursuant to 28 U.S.C. § 455(b)(5)(i), I recused. I have not recused in this case (in which I am *not* a party) for the reasons I explained in another case—reasons I incorporate here. *See Chase v. Ahuja*, Case No. 522-cv-225 (Dec. 16, 2022). In short, although Chase sued me (and several of my colleagues) in another case, under the circumstances, no "objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).